IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **KEVIN EVANGELIST** and **ANDREA EVANGELIST**, <br><br> Plaintiffs, <br><br> -against- <br><br> **CARMAX BUSINESS SERVICES, LLC, MVTRAC, LLC a/k/a MVCONNECT, LLC** and **ADVANCED RECOVERY SPECIALIST OF GAINESVILLE, INC.**, <br><br> Defendants. | Civil Case Number: <br><br> <u>CIVIL ACTION</u> <br> COMPLAINT <br> AND <br> DEMAND FOR JURY TRIAL |

Plaintiffs **KEVIN EVANGELIST** and **ANDREA EVANGELIST** (hereinafter, "Plaintiffs"), a Florida resident, brings this Complaint by and through the undersigned attorneys against Defendants **CARMAX BUSINESS SERVICES, INC., MVTRAC, LLC a/k/a MVCONNECT, LLC** and **ADVANCED RECOVERY SPECIALIST OF GAINESVILLE, INC.** (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this action after the Defendants illegally repossessed their vehicle even though the Defendants did not have an enforceable security interest in the Plaintiffs' vehicle, thereby violating the Florida UCC.  Plaintiffs also bring a claim for the illegal repossession of their vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiffs seek statutory damages, punitive damages and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff Kevin Evangelist is a natural person and a resident of Gainesville, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff Andrea Evangelist is the wife of Kevin Evangelist and is also a natural person and resident of Gainesville, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant ADVANCED RECOVERY SPECIALIST OF GAINESVILLE INC. (hereinafter referred to as "Advanced Recovery"), is a repossession company with its principal place of business located at 2603 NW 13th Street #144, Gainesville, Florida 32609; and its registered agent for service of process located at 4328 NW 35th Street, Gainesville, Florida 32605.

8. Upon information and belief, Defendant Advanced Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiffs' claims under 15 U.S.C. § 1692f(6), Defendant Advanced Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant MVTRAC, LLC (hereinafter referred to as "MV"), is a repossession company, with its principal place of business located at 260 East Helen Road, Palatine, IL 60067 and its registered agent, CT Corporation System, located at 208 South La Salle Street, Suite 814, Chicago, Illinois 60604.

11. Defendant MV also does business as MVCONNECT, LLC.

12. Upon information and belief, Defendant MV is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

13. For purposes of Plaintiffs' claims under 15 U.S.C. § 1692f(6), Defendant MV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. Defendant Carmax Business Services, LLC ("Carmax") is an auto lender,

with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808; and its registered agent for service of process, Corporation Service Company, located at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

## ALLEGATIONS OF FACT

15. The Plaintiffs own a 2016 Hyundai Sonata, which they purchased in full from a dealership in Jacksonville on or about July 25, 2023.

16. The Plaintiffs do not have any loans or liens encumbering the title of this vehicle.

17. While owned by the Plaintiffs, the vehicle has always had a clean title and no liens recorded against the title.

18. Plaintiffs have never been aware of any liens or financing secured by the vehicle.

19. Upon information and belief, however, and unbeknownst to Plaintiffs, CarMax supposedly claims that it has a security interest in the Hyundai Sonata.

20. As a result, CarMax apparently contracted with MV to repossess the Plaintiffs' vehicle.

21. Upon information and belief, MV does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry

out the actual repossessions, a fact which was known to CarMax.

22. Upon information and belief, after being contracted by CarMax to repossess the Plaintiffs' vehicle, MV arranged for Advanced Recovery to carry out the actual repossession.

23. Upon information and belief, after being contracted by MV to repossess the Plaintiffs' vehicle, Advanced Recovery proceeded to carry out the actual repossession.

24. On February 28, 2024, Mrs. Evangelist discovered that her vehicle was gone while leaving her workplace at Sante Fe College.

25. Believing the vehicle to be stolen, Mrs. Evangelist immediately called the police to report the vehicle as stolen.

26. The police advised Mrs. Evangelist that the car had been repossessed and that she should call her financial institution.

27. After Mrs. Evangelist responded that there was no "financial institution" because there was no loan or lien on the vehicle, the police told her to call Advanced Recovery.

28. However, that company was already closed for the day by that time, with no answer on the phone.

29. With Mrs. Evangelist stranded at work without her car, Mr. Evangelist was forced to pack their two young children into the car to go pick her up.

30. The next day, Mr. Evangelist spoke with Advanced Recovery, who advised him that they had a different debtor name associated with the vehicle and that CarMax must have erred in ordering this repossession.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*
**(Against Advanced Recovery and MV)**

31. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs 1-30 above herein with the same force and effect as if the same were set forth at length herein.

32. Plaintiffs bring this Count against Defendants Advanced Recovery and MV.

33. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

34. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

>   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
>   (C)   the property is exempt by law from such dispossession or disablement.

35. At the time of the repossession, Defendants did not have an enforceable security interest in the Plaintiffs' vehicle, but Advanced Recovery and MV

6

seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

36. Furthermore, because the Defendants did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

37. As a result, Defendants Advanced Recovery and MV violated 15 USC § 1692f(6) when they repossessed the Plaintiffs' vehicle.

38. By illegally repossessing the Plaintiffs' vehicle in violation of the FDCPA, Defendants harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

39. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing them to waste time and effort in trying to regain possession of the vehicle, and by depriving them of the use of their vehicle and the possessions contained therein.

40. By reason thereof, Defendants Advanced Recovery and MV are liable to the Plaintiffs for judgment that Defendants' conduct violated 15 USC §1692f,

statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601 and 679.609 et seq.**
**(Against All Defendants)**

41. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs 1-30 above herein with the same force and effect as if the same were set forth at length herein.

42. Florida only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. Florida Statute § 679.601 and 679.609.

43. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiffs' vehicle, but they seized the vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the vehicle.

44. As a direct and proximate result of the Defendants' illegal repossession, Plaintiffs suffered damages, including the loss of use of the vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

45. By illegally repossessing the Plaintiffs' vehicle in violation of the UCC, Defendants harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiffs to unfair and unconscionable means to collect a debt.

46. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing them to waste time and effort in trying to regain possession of the vehicle, and by depriving them of the use of their vehicle and the possessions contained therein.

## COUNT III
## CONVERSION
**(Against All Defendants)**

47. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs 1-30 above herein with the same force and effect as if the same were set forth at length herein.

48. As set forth above, the Defendants wrongfully repossessed the Plaintiffs' vehicle even though they had no enforceable security interest in the vehicle and Plaintiffs were instead entitled to the present use of their own vehicle.

49. The Defendants then held Plaintiffs' vehicle for a period of time, thereby

9

exercising control over the Plaintiffs' property and converting that vehicle.

50. Defendants' conversion of Plaintiffs' vehicle harmed Plaintiffs, by literally stealing and holding their vehicle. Defendants further harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving them of the use of her vehicle and the possessions contained therein, in causing Plaintiffs to waste countless hours in trying to recover their vehicle, and by subjecting them to unfair and unconscionable means to collect a debt.

51. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer monetary damages, wasted time, anger, anxiety, emotional distress, frustration and embarrassment.

52. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants wrongfully converted the Plaintiffs' vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a) awarding Plaintiffs their actual damages incurred, as well as punitive damages;

(b) awarding the Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated:    May 9, 2024

/s/ Joseph Kanee
Joseph Kanee, Esq.
Florida Bar No. 1040922
MARCUS & ZELMAN, LLC
4000 Ponce de Leon Blvd, Suite 470
Coral Gables, FL 33146
Tel: (786) 369-1122
Email: joseph@marcuszelman.com
Attorney for Plaintiff